## Oaklane Shopping Center *v.* Flame, Appellant.

Argued January 11, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David Kanner,* for appellant.

*Philip D. Weiss,* with him *McTighe, Koch, Brown & Weiss,* for appellee.

OPINION PER CURIAM, March 21, 1972:
Decree affirmed. Costs to be borne by appellant.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I concur only in the affirmance of the first sentence of the lower court's order. I dissent from the affirmance of the second sentence of the lower court's order, which modified the appellant's parking rights under a valid existing lease in effect between the parties.

The parking rights of the appellant as a tenant under the lease in this matter were contained in paragraph 11, of the lease. These rights were modified by the last sentence of the lower court's order which stated: "And now, October 23, 1970, this Court reaffirms the Agreement of the parties concluded in open court before the Honorable J. W. Ditter on April 5, 1970. In addition, the defendant is specifically enjoined from parking any delivery truck or other commercial vehicle in the parking areas of the Oaklane Shopping Center reserved for customers, and shall park such vehicles overnight only to the rear of the store in the areas provided for such."

The appellant is correct, and the lower court's order should be reversed and modified because the court below did not have any legal or equitable authority to alter the terms of a lease agreement between the parties.

The lease in this case gives the appellant-tenant certain parking rights on the leased premises. A court can not modify a lease or a contract between the parties. It can only enforce an existing agreement or award damages for the breach.

In its opinion, the lower court agreed that its order modified the terms of the existing lease as to parking.

The court said that it had the authority to so modify the lease because the tenant had not raised the Statute of Frauds as a defense to the plaintiff's action. Accordingly, said the lower court, the defense of the Statute of Frauds was waived.

A defendant, however, only waives the Statute of Frauds *if the plaintiff is relying on an oral lease,* and defendant does not enter a timely defense. This is not the situation in this case.

The plaintiff in his original complaint specifically asked for the enforcement of a *written lease* and attached a copy to his complaint. After a compromise agreement between the parties (which did not involve parking and was silent on the matter because not originally in dispute), the plaintiff filed a petition to enforce the agreement, or in the alternative, to enforce the original lease.

Since the stipulated agreement between the parties at the first hearing *did not* modify the existing lease as to parking, but only as to other matters, all of the provisions of the lease on parking remained at all times in full force and effect.

How can a defendant be said to have waived the Statute of Frauds by not raising it, when the plaintiff at all times from the filing of the complaint through the termination of the lower court proceedings has specifically relied on and acknowledged the existence of a written lease. Defendant could not possibly have waived the Statute of Frauds.

Modification of parking rights can seriously affect a tenant, and, in some case, totally jeopardize the commercial establishment dependent on the parking rights. A court has no power to "make a new lease" for the parties.

The lower court's order as to parking should be modified to enforce the parking provisions of the original lease.